UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Camilo E. Gonzalez, | Case No. 25-cv-3938 (LMP/DLM) |
| Petitioner, | |
| v. | **REPORT & RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Petitioner Camilo Gonzalez is a federal prisoner. In February 2022, during his term of imprisonment, Mr. Gonzalez became subject to a final order for removal. (Doc. 7-2.) In October 2025, Mr. Gonzalez filed a petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1). There, he makes one principal argument: that the Federal Bureau of Prisons ("BOP") should credit him with First Step Act Time Credits ("FTCs"). Mr. Gonzalez does not deny that, by its terms, the First Step Act ("FSA") bars prisoners subject to a final orders of removal from receiving FTCs to reduce their sentence. *See* 18 U.S.C. § 3632(d)(4)(E)(i). Nor does Mr. Gonzalez contest the fact that he is subject to a final removal order. Nonetheless, he has filed a petition for a writ of habeas corpus seeking to have FTCs applied to his sentence. Liberally construing his pro se pleadings, Mr. Gonzalez suggests that § 3632(d)(4)(E)(i) violates the Equal Protection Clause of the United States Constitution by discriminating against a class of non-citizens. The government, for its part, rests on the statutory fact that FTCs do not apply to prisoners subject to a final removal

1

orders. Because Mr. Gonzalez is subject to such an order, the government maintains that FTCs cannot apply to his case.

Mr. Gonzalez's habeas petition is before this Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that Mr. Gonzalez's petition be denied and that this matter dismissed.

## ANALYSIS

An equal protection claim requires the Court to determine the proper standard of review by which to assess the challenged government action. Ordinarily, rational basis review is applied unless a law "burdens a fundamental right, targets a suspect class, or has a disparate impact on a protected class and was motivated by discriminatory intent." *New Doe Child #1 v. United States*, 901 F.3d 1015, 1027 (8th Cir. 2018) (citations omitted). But precedent declares that non-citizens unlawfully present in the United States are not "members of a suspect class, or otherwise entitled to heightened scrutiny." *United States v. Sitladeen*, 64 F.4th 978, 988 (8th Cir. 2023) (quoting *Vasquez-Velezmoro v. INS*, 281 F.3d 693, 697 (8th Cir. 2002)) (citation modified). Courts thus consider equal protection challenges to the FSA—a federal law that discriminates against unlawful noncitizens—under rational basis review. *See, e.g., Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025) ("Neither the FSA's distinction between citizens and noncitizens nor the distinction

---

[1] Mr. Gonzalez's habeas petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition. *See* Rule 1(b).

2

the statute draws *within* the class of noncitizens . . . suffices to trigger heightened scrutiny.").

The question, then, is whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Brikova v. Holder*, 699 F.3d 1005, 1008 (8th Cir. 2012) (citations omitted). With regard to the FSA, courts have answered that question in the affirmative, concluding that § 3632(d)(4)(E) rationally advances a legitimate government interest. *Cheng*, 132 F.4th at 658 ("eliminating time credits reasonably reduces the risk that noncitizens with removal orders will flee and ensures that noncitizens who enter or remain in the country illegally and commit felonies within the United States are required to serve their full prison sentences."); *see also Lopez v. Emmerich*, Nos. 24-3195; 25-1066; 25-1095, 2025 WL 3172841, at *2 (7th Cir. Nov. 13, 2025) (affirming district court's finding that § 3632(d)(4)(E) survives rational basis review).[2]

Thus, to the extent Mr. Gonzalez makes an equal protection claim here, that claim is unavailing. As other circuit courts have already determined, the FSA's denial of time credits to prisoners with final removal orders survives rational basis review. And to the extent that Mr. Gonzalez insists that BOP should apply time credits to reduce his sentence nonetheless, that argument is likewise meritless. It is well established that a prisoner subject to a final order of removal, such as Mr. Gonzalez, is not eligible for earned time credits

---

[2] Additionally, courts in this District have also held that the FSA does not violate the due process clause of the Fourteenth Amendment. *See Casquete v. United States*, No. 24-cv-02777 (PJS/ECW), 2025 WL 1373174, at *3 (D. Minn. April 10, 2025).

3

under the FSA. *See generally Chocon-Gomez v. King*, No. 24-cv-2737 (KMM/TNL), 2024 WL 5381457 (D. Minn. Sept. 26, 2024); *Jenkins v. Segal*, No. 23-cv-0425 (WMW/DTS), 2023 WL 7131024 (D. Minn. Oct. 30, 2023); *Quiceno v. Segal*, No. 23-cv-358 (NEB/DJF), 2023 WL 3855295 (D. Minn. Apr. 21, 2023). In sum, because the FSA's citizenship-based classifications do not violate the Equal Protection Clause, and because Mr. Gonzalez is ineligible for FTCs as a prisoner subject to a final removal order, his motion should be denied.

## RECOMMENDATION

Based on all of the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1. The petition for a writ of habeas corpus of petitioner Camilo Gonzalez (Doc. 1) be **DENIED**; and

2. This action be **DISMISSED**.

Dated: November 25, 2025     \_\_*s/Douglas L. Micko*_____
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).