## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| CAMILO E. GONZALEZ, | Case No. 25-cv-3938 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER ADOPTING**<br>**REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On October 14, 2025, Petitioner Camilo E. Gonzalez filed a petition for habeas relief under 28 U.S.C. § 2241, seeking an order affirming that he—a federal prisoner—is eligible for First Step Act Earned Time Credits ("FTCs"). *See generally* ECF No. 1. On November 25, 2025, United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") recommending that the Court deny the petition because Gonzalez is statutorily ineligible for FTCs. *See generally* ECF No. 9. Gonzalez objects. ECF No. 10. The United States urges adoption of the R&R. ECF No. 11.

### ANALYSIS

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's recommended disposition of a case, and if timely filed, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Gonzalez does not object to the facts presented in the R&R, and the Court will only briefly recite them here. Gonzalez is serving a prison sentence for conspiracy to distribute heroin in violation of 21 U.S.C. § 846. ECF No. 7-1. While imprisoned, Gonzalez, a Cuban national who has resided in the United States as a lawful permanent resident, ECF No. 10 at 3, became subject to a final order of removal, ECF No. 7-2.

Ordinarily, FTCs *must* be applied to prisoners who have earned them. 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned . . . shall be applied toward time in prerelease custody or supervised release."). But prisoners who are subject to a final order of removal are explicitly not eligible for the use of FTCs towards an early release date. 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws."). By statute, then, Gonzalez is not entitled to FTCs. *See generally Chocon-Gomez v. King*, No. 24-cv-2737 (KMM/TNL), 2024 WL 5381457, at *2 (D. Minn. Sept. 26, 2024), *report and recommendation adopted*, 2025 WL 289203 (D. Minn. Jan. 24, 2025); *Jenkins v. Segal*, No. 23-cv-0425 (WMW/DTS), 2023 WL 7131024, at *2 (D. Minn. Oct. 30, 2023); *Cruz Quiceno v. Segal*, No. 23-cv-358 (NEB/DJF), 2023 WL 3855295, at *3 (D. Minn. Apr. 21, 2023), *report and recommendation adopted*, 2023 WL 3853433 (D. Minn. June 6, 2023).

Gonzales acknowledges all of this. *See* ECF No. 10. But he asserts that Section 3632(d)(4)(E)(i) violates the Fifth Amendment's equal protection guarantee because it

deprives him, a lawful permanent resident, of the same privileges provided to citizens of the United States. *Id.* at 3. Gonzalez is wrong. Section 3632(d)(4)(E)(i) does not violate equal protection by denying FTCs to non-citizens subject to a final order of removal. *Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025); *Lopez v. Emmerich*, No. 24-3195, 2025 WL 3172841, at *2 (7th Cir. Nov. 13, 2025). Gonzalez appears to argue that this precedent is inapplicable to him, because he is not an "illegal Cuban" but instead one with lawful permanent residency. *Id.* at 3. As a lawful permanent resident, Gonzalez argues, he can bring an equal protection claim because "the deportation order has no legal effect upon Lawful Permanent Residents," and "does not deprive them of the right to continue living in the United States." *Id.* Again, Gonzalez is mistaken.

Even if he once was a lawful permanent resident, that status was rescinded when his removal order became final. 8 C.F.R. § 1001.1(p) ("The term lawfully admitted for permanent residence means the status of having been lawfully accorded the privilege of residing permanently in the United States . . . Such status terminates upon entry of a final administrative order of exclusion, deportation, removal, or rescission."); *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1059–60 (9th Cir. 2010) ("[T]here is no dispute that [a lawful permanent resident] remained [a lawful permanent resident] until a final order of removal."). Accordingly, even if lawful permanent residents who are not subject to final orders of removal are entitled to FTCs, the fact that Gonzalez is no longer a lawful permanent resident means he is not. *Nycklass v. Healy*, No. 4:23-cv-2166, 2024 WL 1054408, at *1–2 (N.D. Ohio Feb. 15, 2024) (finding that Section 3632(d)(4)(E)(i)

precluded a former lawful permanent resident subject to a final removal order from entitlement to FTCs).

Because Section 3632(d)(4)(E)(i) plainly prohibits prisoners subject to final orders of removal from FTC eligibility, and because Section 3632(d)(4)(E)(i) does not violate Gonzalez's equal protection rights, the Court adopts the R&R and denies Gonzalez's petition.

## ORDER

Based on all of the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1.     Gonzalez's objections (ECF No. 10) are **OVERRULED**;

2.     The R&R (ECF No. 9) is **ADOPTED**; and

3.     Gonzalez's Petition (ECF No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 19, 2025                    *s/Laura M. Provinzino*
                                            Laura M. Provinzino
                                            United States District Judge

4